*250 JUDGMENT (Injunctive Relief Granted and Remand to Election Board)
JOAN GREENDEER-LEE, Associate Judge.
On November 16, 1998, the plaintiff, Aurelia L. Hopinkah filed a Complaint requesting this Court to delay the upcoming Ho-Chunk Nation [hereinafter HCN or the Nation] Special Primary Election Area V(l) One Legislative Vacancy scheduled for November 28, 1998. Based on the reliance of the wrong applicable law, Ms. Hopinkah alleges that the defendant discouraged and deprived her of the right to apply for an Official Nomination Petition and Declaration of Candidacy. The defendant was served in person on November 16, 1998. On November 17, 1998 the defendant, by and through Attorney William A. Boulware, Jr., answered the Complaint. The Court convened a Hearing on November 19, 1998 to discuss the matter. Due to the scheduled activities associated with the forthcoming Special Election of November 28, 1998, the parties consented to this Court deciding the merits of the arguments offered at that time. Mr. Roger Littlegeorge argued on behalf of the plaintiff, Aurelia L. Hopinkah. Ms. Hopin-kah was present for the arguments. Mr. William Boulware argued on behalf of the defendant, the Ho-Chunk Nation Election Board.
APPLICABLE LAW
Ho-Chunk Nation Constitution
ART. I, Section 2. Jurisdiction. The jurisdiction of the Ho-Chunk Nation shall extend to all territory set forth in Section 1 of this Article and to any and all persons or activities therein, based upon the inherent sovereign authority of the Nation and the People or upon Federal law.
ART. VII, Section 5 Jurisdiction of the Judiciary, (a) The Trial Court shall have original jurisdiction over all cases and controversies, both criminal and civil, in law or in equity, arising under the Constitution, laws, customs and tradi *251 tions of the Ho-Chunk Nation, including cases in which the Ho-Chunk Nation, or its officials and employees, shall be a party. Any such case or controversy arising within the jurisdiction of the Ho-Chunk Nation shall be filed in Trial Court before it is filed in any other court. This grant of jurisdiction by the General Council shall not be construed to be a waiver of the Nation’s sovereign immunity.
ART. VIII, Section 2. Special Elections. Special Elections shall be held when called for by the General Council, the Legislature, or by this Constitution or appropriate ordinances. In all Special Elections, notice shall be provided to the voters.
ART. VIII, Section 3. Election Code. The Legislature shall enact an Election Code governing all necessary election procedures at least one hundred and twenty (120) days before the election. ART. VIII, Section 4. Election Board. The Legislature shall enact a law creating an Election Board. The Election Board shall conduct all General and Special Elections. At least sixty (60) days before the election, the Election Board may adopt rules and regulations governing elections. Election Board members shall serve for two (2) years. Election Board members may serve more than one term. The Legislature may remove Election Board members for good cause. ART. IX, Section 10. Vacancies in the Legislature. If a vacancy occurs in the Legislature because of death, mental or physical incapacity, removal or recall vote, or for any other reason, such vacancy shall be filled in the following manner:
(a) If three (3) months or more remain before the next General Election, the Election Board shall call a Special Election in the appropriate District to be held within thirty (30) days.
ART. V, Section 6. Terms of Office. Members of the Legislature shall serve four (4) year terms which shall be staggered. Legislators shall represent their respective Districts until their successors have been sworn into office except if the Legislator has been successfully removed or recalled in accordance with this Constitution. Members of the Legislature shall be elected by a majority of the eligible voters from their respective Districts.
ART. V, Section 7. Qualifications. Members of the Legislature shall be at least twenty five (25) years old and eligible to vote. No person convicted of a felony shall serve as a Legislator unless pardoned.
ART. XIII, Section 1. Requirements. This Constitution may be amended by a majority vote of the qualified voters of the Ho-Chunk Nation voting at an election called for that purpose by the Secretary of the Interior, provided, that at least thirty (30) percent of those entitled to vote shall vote in such election; but no amendment shall become effective until approved by the Secretary of the Interior or until deemed approved by the Secretary by operation of law. If the voters adopt the amendment(s), the Secretary of the Interior shall approve such amendment(s) within forty-five (45) days after the election unless the amendment(s) are contrary to applicable law.
ART. XIII, Section 2. Requests for a Secretarial Election. It shall be the duty of the Secretary of the Interior to call and hold an election on any proposed amendment to this Constitution at the request of two thirds (¾) of the entire.Legislature, at the request of the General Council, or upon presentation of *252 a petition signed by thirty (30) percent of the eligible voters of the Ho-Chunk Nation.
Ho-Ceunk Nation Election Ordinance (Adopted February 10,1995)
ART. II, Section 1(c) Special Elections. Special Elections shall refer to all elections other than the General Election including, but not limited to, Redistricting Reapportionment Elections, Runoff Elections, Recall Elections, and Elections to fill vacancies in the Legislature, Judiciary and the Office of the President. Special Elections shall be held in accordance with Article VIII, Section 2 of the Constitution which states:
Section 2. Special Elections. Special Elections shall be held when called for by the General Council, the Legislature, or by this Constitution or appropriate ordinances. In all Special Elections, notice shall be provided to the voters.
ART. V, Section. 1 Qualifications of Legislators.
(a) All candidates for a position on the Legislature shall meet the qualifications listed in Article V, Section 7 of the Constitution which states:
Section 7. Qualifications. Members of the Legislature shall be at least twenty-five (25) years old and eligible to vote. No person shall become a member of the Ho-Chunk Nation Legislature if otherwise employed by the Ho-Chunk Nation. No person convicted of a felony shall serve as a Legislator unless pardoned.
(b) Pardon’s [sic] shall be made by the jurisdiction that issued the felony conviction.
ART. V, Section 4 Residency Requirements for Legislators.
(a) A candidate for Legislature shall be eligible to run for office in the District in which the candidate has resided for at least one (1) year.
(b) “Residency” is defined as the place where the voter’s habitation is feed.
(c) Acceptable proof of residency shall include, but not be limited to, utility bills, rental agreements, or any other reliable documentation that demonstrates the voter’s length of residence in the District.
ART. V, Section 5 Certification of Qualifications.
(a) The Election Board shall determine whether each candidate for elective office meets the appropriate qualifications listed in the Constitution.
Ho-Chunk Nation Amended Election Ordinance (Adopted January 14, 1997) ART. V, Section 5.01 Qualifications of Legislators.
(a). All candidates for a position on the Legislature shall meet the qualifications listed in Article V, Section 7 of the Constitution which states:
Section 7. Qualifications. Members of the Legislature shall be at least twenty-five (25) years old and eligible to vote. No person shall become a member of the Ho-Chunk Nation Legislature if otherwise employed by the Ho-Chunk Nation. No person convicted of a felony shall serve as a Legislator unless pardoned.
(b). Pardon shall be made by the jurisdiction that issued the felony conviction.
ART. V, Section 5.04 Residency Requirements for Legislators.
(a) A candidate for Legislature shall be eligible to run for office in the District in which the candidate has resided for at least one (1) year.
*253 (b) “Residency” is defined as the place where the voter’s habitation is fixed.
(c) Acceptable proof of residency shall include, but not be limited to, utility bills, rental agreements, or any other reliable documentation that demonstrates the voter’s length of residence in the District.
ART. V, Section 5.05 Certification of Qualifications.
(a) The Election Board shall determine whether each candidate for elective office meets the appropriate qualifications listed in the Constitution and any other qualifications required under the laws of the Ho-Chunk Nation, including the Ethics in Government Act. Amended and Restated Ho-Chunk Nation Election Ordinance, HCC-98-001 (Adopted September 1, 1998)
ART. V, Section 5.01 Qualifications of Legislators.
(a) All candidates for a position on the Legislature shall meet the qualifications listed in Article V, Section 7 of the Constitution, which states:
Section 7. Qualifications. Member's of the Legislature shall be at least twenty-five (25) years old and eligible to vote. No person shall become a member of the Ho-Chunk Nation Legislature if otherwise employed by the Ho-Chunk Nation. No person convicted of a felony shall serve as a Legislator unless pardoned.
(b) Pardon shall be made by the jurisdiction that issued the felony conviction.
ART. V, Section 5.05 Residency Requirements for Legislators.
(a) A candidate for Legislature shall be eligible to run for office in the District in which the candidate has resided for at least one (1) year immediately prior to tiling the petition declaring his or her candidacy-
(b) “Residency” is defined as the physical address stated on the periodic Address Verification Forms solicited by the Nation’s Office of Tribal Enrollment with respect to per capita distributions, except in the case of candidates in military service or full time registered students, “Residency” shall be the last physical address of such person before he or she entered the military service or school.
ART. V, Section 5.06 Certification of

Qualifications.

(a) The Election Board shall determine whether each candidate for elective office meets the appropriate qualifications listed in the Constitution any other qualifications required under the laws of the Ho-Chunk Nation, including Section 5.04 of this Act and any ethics legislation that may hereafter be enacted.
FINDINGS OF FACT
1. Ms. Aurelia L. Hopinkah is a member of the Ho-Chunk Nation, Tribal Id. # 439A001225.
2. The defendant, the Ho-Chunk Nation Election Board [hereinafter the Election Board], is a governmental entity of the Ho-Chunk Nation created to conduct all general and special elections.
3. Advocate for Ms. Hopinkah stated that the Election Board Office refused Ms. Hopinkah the candidacy forms because she did not meet the “residency requirements.” Aftenvards, Ms. Hopinkah appealed this decision to the Election Board for reconsideration.
*254 4. On or about November 7, 1998, the Election Board met to hear Ms. Hopin-kah’s appeal. The Election Board affirmed that Ms. Hopinkah did not qualify as an eligible candidate due to her failure to meet the residency requirement pursuant to the Election Ordinance adopted 9/01/98A, See, Sec 5.06.
5. On or about November 9, 1998, Mr. Todd Matha HCN Attorney for the Election Board issued a letter to Ms. Hopinkah articulating that with the recently adopted Amended and Restate Election Ordinance (adopted on 09/01/98), the Election Board could not find in her favor since to do so would ignore any logical interpretation or application of the residency requirements.
6. On or about November 16, 1998, Ms. Hopinkah filed an appeal of the Election Board discussion in the Ho-Chunk Nation Trial Court.
7. According to the Notice regarding the November 28, 1998 Special Election, official candidacy forms must be submitted to the Election Board Office on or before the close of the nomination period on November 17,1998 at 4:00 p.m.
8. During the November 19, 1998 Hearing, the defendant stated that the Election Board must have notice of the Court decision no later than 12:00 noon on November 20, 1998 to stop or officially start the printing of the official special election ballots.
DECISION
The plaintiff in this case has asked the Court to decide whether the defendant has violated the Ho-Chunk Constitution or the applicable Ho-Chunk Election Ordinance or both by relying the on the wrong law to determine residency of a legislative candidate. The defendant contends that it has not violated either. These arguments beg the question “What is the law that applies?” The plaintiff asserts that HCN Amended and Restated Eleotion Ordinance, HCC98-001 [hereinafter HCC-98-001] does not apply because the Ho-Chunk Nation Constitution states that, “The Legislature shall enact an Election Code governing all necessary election procedures at least one hundred and twenty (120) days before the election.” The defendant argues that the 120-day rule only applied to the first enactment, not any subsequent enactments or amendments to the Election Ordinance/Code. The Ho-Chunk Nation Constitution’s text is clear and simply states:
ART. VIII, Section 8. The Legislature shall enact an Election Code governing all necessary election procedures at least one hundred and twenty (120) days before the election.
The defendant failed to offer evidence, such as legislative history, proving the 120-day rule applied to only the first enactment. Therefore, this Court disagrees with the defendant’s interpretation that the 120-day rule only applying to the first enactment, and according to the Ho-Chunk Nation Constitution Art. VIII, Section 3.
Laws regarding the effective date for election statutes seek to “set the rules of the game” well in advance of an election so that everyone involved understands the process and so that no one can change those rules at the last minute to any candidate’s advantage or disadvantage. Such rules support not only a policy of fair notice to the candidates but also help facilitate planning the logistics of the election. The Court concludes that the authors of the Ho-Chunk Nation Constitution meant for these fairness considerations to extend to more than just the election that immediately followed enactment of the initial HCN Election Code. Hence, the HCN Election Code as enacted 120-days prior to an election is the Code which governs *255 the election. The legislative history noted on the HCC-98-001, indicate that the Election Ordinance was originally adopted by HCN Resolution No. 02/10/95-A, then, amendments to the Election ORDINANCE occurred and were adopted on January 14, 1997. While the Legislature did include the words “first election held under the existing constitutional structure;” and “effective immediately” in HCN Resolution 09/01/98A adopting HCC-98-001, those words contradict the controlling law—the Ho-Chunk Nation Constitution. The Legislature can not rewrite the Ho-Chunk Nation Constitution merely because it wants, or even needs, it to be different. The Ho-Chunk Nation Constitution can only be changed or amended by a majority vote of the qualified voters of the Ho-Chunk Nation, pursuant to ART. XIII. Therefore, the Court holds that the appropriate law to apply in this ease is HCC-95-002 as amended January 14, 1997 [hereinafter HCC-95-002-01/14/97].
Based on the conclusion that HCC-95-002-01/14/97 is the applicable ordinance in this case, the Court further holds that the Election Board erred by applying the wrong law. The Election Board looked to HCC-98-001 in deciding whether the plaintiff met the residency requirement for candidacy. HCC-98-001 states that residency is determined according to the residency stated on the applicant’s Address Verification Form as solicited by the Office of Tribal Enrollment. This presumptive rule differs from the more open-ended proof of residency allowed under HCC-95-002-01/14/97. The Court therefore remands this case to the Election Board so that it can determine the plaintiffs qualifications under the appropriate law.
The appropriate law, HCC-95-002-01/14/97, states, “Acceptable proof of residency shall include, but not be limited to, utility bills, rental agreements, or any other reliable documentation that demonstrates the voter’s length of residence in the District”. HCC-95-002-01/14/97, Section 5.04(c). The “but-not-limited-to” language means that the Election Board must consider all the evidence of residency presented. The Court leaves the determination of meeting the “residency requirement” to the Election Board. Whether the Election Board believes any particular piece of evidence presented, or finds some pieces more persuasive than others, is another question.
In finding in favor of the plaintiff, the Court enjoins the Special Election set for November 28, 1998 until the Election Board determines in an official decision whether Ms. Hopinkah meets the “residency requirement” as articulated in the HCC-95-002-01/14/97, Section 5.04(c). Thereafter, the Election Board can conduct the Special Election.
CONCLUSION
This Court finds that the 120-rule applies to all election ordinance enactments or amendments. While inapplicable to the upcoming Special Election, the Election ORDINANCE adopted as HCC-98-001 will be effective to all elections held after December 30, 1998. Consequently, the Court holds that the Election Board applied the wrong law in determining the residency of the plaintiff for the purposes of being placed on the ballot. The Court remands this appeal back to the Election Board so that it may determine the plaintiffs candidacy under HCC-95-002-01/14/97, Section 5.04(c).