*257 JUDGMENT (Temporary Injunction Denied)
JOAN GREENDEER-LEE, Associate Judge.
On November 25, 1998 after 4:00 p.m., Aurelia L. Hopinkah, by and through Advocate Roger Littlegeorge, filed a Motion for Temporary Injunction and Roger B. Littlegeorge''s Affidavit in Support of Motion far Temporary Injunction in the Ho-Chunk Nation [hereinafter HCN or the Nation] Trial Court. In the Motion, the plaintiff requested that the Court grant a stay of the November 28, 1998 Special Election. The defendant was served Notice in person the same day, just before the close of business hours of the Courthouse,[1] The Court convened a Hearing on November 25, 1998 at 4:43 p.m., with the parties, Aurelia L. Hopinkah, Roger Litt-legeorge, and Todd Matha, HCN Department of Justice Attorney for the HCN Election Board, appearing telephonieally. From the bench, this Court announced that the Motion for Temporary Injunction is denied. This Order memorializes the Court’s decision.
APPLICABLE LAW
Ho-Chunk Nation Constitution
ART. I, Section 2. Jurisdiction. The jurisdiction of the Ho-Chunk Nation shall extend to all territory set forth in Section 1 of this Article and to any and all persons or activities therein, based upon the inherent sovereign authority of the Nation and the People or upon Federal law.
ART. VII, Section 5 Jurisdiction of the Judiciary, (a) The Trial Court shall have original jurisdiction over all eases and controversies, both criminal and civil, in law or in equity, arising under the Constitution, laws, customs and traditions of the Ho-Chunk Nation, including cases in which the Ho-Chunk Nation, or its officials and employees, shall be a party. Any such case or controversy arising within the jurisdiction of the Ho-Chunk Nation shall be filed in Trial Court before it is filed in any other court. This grant of jurisdiction by the General Council shall not be construed to be a waiver of the Nation’s sovereign immunity.
ART. VIII, Section 4. Election Board. The Legislature shall enact a law creating an Election Board. The Election *258 Board shall conduct all General and Special Elections. At least sixty (60) days before the election, the Election Board may adopt rules and regulations governing elections. Election Board members shall serve for two (2) years. Election Board members may serve more than one term. The Legislature may remove Election Board members for good cause.
ART. IX, Section 10. Vacancies in the Legislature. If a vacancy occurs in the Legislature because of death, mental or physical incapacity, removal or recall vote, or for any other reason, such vacancy shall be filled in the following manner:
(a)If three (3) months or more remain before the next General Election, the Election Board shall call a Special Election in the appropriate District to be held within thirty (30) days.
Ho-Chunk Nation Amended Election Ordinance (Adopted January 14, 1997)
ART. V, Section 5.01 Qualifications of Legislators.
(a). All candidates for a position on the Legislature shall meet the qualifications listed in Article V, Section 7 of the Constitution which states:
Section 7. Qualifications. Members of the Legislature shall be at least twenty-five (25) years old and eligible to vote. No person shall become a member of the Ho-Chunk Nation Legislature if otherwise employed by the Ho-Chunk Nation. No person convicted of a felony shall, serve as a Legislator unless pardoned.
(b). Pardon shall be made by the jurisdiction that issued the felony conviction.
ART. V, Section 5.04 Residency Requirements for Legislators.
(a) A candidate for Legislature shall be eligible to run for office in the District in which the candidate has resided for at least one (1) year.
(b) “Residency” is defined as the place where the voter’s habitation is fixed.
(c) Acceptable proof of residency shall inelude, but not be limited to, utility bills, rental agreements, or any other reliable documentation that demonstrates the voter’s length of residence in the District.
ART. V, Section 5.05 Certification of Qualifications.
(a) The Election Board shall determine whether each candidate for elective office meets the appropriate qualifications listed in the Constitution and any other qualifications required under the laws of the Ho-Chunk Nation, including the Ethics in Government Act.
(b) The Election Board shall immediately notify a candidate if the candidate does not meet the qualifications for office. The candidate shall have five (5) days to appeal the eligibility determination to the Election Board. The Election Board shall issue a final decision within five (5) days of receipt of the appeal. The candidate may not appeal the final decision of the Election Board to the Trial Court.
FINDINGS OF FACT
1. Aurelia L. Hopinkah is a member of the Ho-Chunk Nation, Tribal Id. # 439A001225.
2. The defendant, the Ho-Chunk Nation Election Board [hereinafter the Election Board], is a governmental entity of *259 the Ho-Chunk Nation ereated to conduct all general and special elections.
3. On November 20, 1998, this Court entered an Order remanding the case back to the Election Board determine the plaintiffs candidacy as articulated in the HCC-95-002-01/14/97, Section 5.04(c).
4. On November 24, 1998, the Election Board entered an official decision applying the appropriate “residency requirement” as articulated in the Ho-Chunk Nation Election Ordinance (adopted 01/14/97) and found that Ms. Aurelia L. Hopinkah did not meet the residency requirements.
5. On November 25, 1998 after 4:00 p.m., Ms. Hopinkah, by and through her advocate, filed a Motion for Temporary Injunction and Roger B. Littlegeorge’s Affidavit in Support of Motion for Temporary Injunction.
6. On November 25, 1998 close to 4:30 p.m., the defendant was personally served the plaintiffs Motion for Temporary Injunction and Roger B. Littlegeorge’s Affidavit in Support of Motion for Temporary Injunction.
7. On November 25, 1998 at 4:43 p.m., the Ho-Chunk Nation Trial Court convened a Hearing on the matter, with the parties appearing telephonically.
DECISION
In the first instance of this case, the Ho-Chunk Nation Court was charged with the duty of determining whether Election Board violated the HCN Constitution by applying a recently adopted Election Ok-dinance. This Court had determined that the HCN Constitution mandates a 120-day rule before any Election Ordinance can be effective, pursuant to HCN Constitution, ART VIII, Sec. 3. In making such determination, this Court ordered the Election Board to apply the preceding Election Ordinance adopted on January 14, 1997 to determine whether the plaintiff meet the residency requirements and qualifies as a candidate in the upcoming Special Election set for November 28, 1998. The Election Board followed this Court’s order and applied the appropriate Election Ordinance to the factual evidence offered by Plaintiff Hopinkah. On November 24, 1998, the Election Board decided that Ms. Hopinkah does not meet the residency requirements. Now, Plaintiff Ho-pinkah returns to this Court asking to grant an injunction and stay the Special Election set for Saturday, November 28, 1998. The Court hereby denies the plaintiffs Motion for Temporary Injunction. The Court specifically finds that the plaintiff has failed to show at the Hearing that there is a likelihood that she will succeed on the merits, or that the injunction is in the public’s best interest. Diane Lone Tree v. Elliott Garvin et al., CV 97-133, 1 Am. Tribal Law 189, 1997 WL 34671332 (HCN Tr. Ct. Sept 26, 1997).
Under well-settled principles established by this Court, the applicable standard for issuing a stay is the same as that used by federal courts to decide upon a preliminary injunction. See, Merrill, Lynch, Pierce, Fenner & Smith v. Salvano, 999 F.2d 211 (7th Cir.1993). The four relevant inquiries include: (1) is there an adequate remedy at law in the form of money damages? (2) does the threatened harm to plaintiff outweigh the threatened harm to defendants)? (3) does the plaintiff have a reasonable likelihood of success on the merits? and (4) would the issuance of a stay disserve the public interest? See, Joyce Warner v. HCN Election Board, CV 95-03 (HCN Tr. Ct. June 26, 1995); Tracy Thundercloud v. HCN Election Board, CV 95-16 (HCN Tr. Ct. August 28, 1995); Coalition for a Fair Government II v. Chloris A. Lowe, Jr. and Kathyleen Lone Tree-Whiterabbit, CV 96-22 (HCN Tr. Ct. *260 July 23, 1996); Loa Porter v. Chloris Lowe, Jr., CV 95-23 (HCN Tr. Ct. October 2, 1996); Chloris A. Lowe, Jr. v. HCN, HCN Legislature, and HCN General Council, CV 97-12 (HCN Tr. Ct. March 21, 1997); Diane Lone Tree v. Elliott Garvin et al, CV 97-133, 1 Am. Tribal Law 189, 1997 WL 34671332 (HCN Tr. Ct. September 26,1997).
I. Is there an adequate remedy at law in the form of money damages?
The plaintiff seeks only an equitable relief. Money damages cannot temporarily postpone the Special Election, place her on the Special Election ballot nor provide her an election to appoint her to the Area V Legislative position. The Court recognizes the relief pursued by Plaintiff Hopinkah is equitable in nature and cannot be met by monetary means.
II. Does the threatened harm to plaintiff outweigh the threatened harm to defendant(s)?
Foremost, the plaintiff failed to prove that she has been harmed by the actions by the Election Board. The applicable Election Ordinance allows the plaintiff five (5) days to appeal the decision of the Election Board. The plaintiff failed to prove sufficiently that she has been denied the appeal she is seeking before the Election Board, i.e., that she has been harmed. Granted the plaintiff asserted orally that she had been denied such an appeal because the Election Board had already printed ballots. The defendant countered by orally asserting that no such refusal had taken place. Should the plaintiff gain an appeal and then gain a favorable judgment, ballots can always be reprinted. This proof by the plaintiff does not meet the level of likelihood required for the issuance of a temporary restraining order. Getting such a refusal in writing or other collaborating evidence would help the plaintiffs case, for example third-party witnesses or a concession by the Election Board or testimony by individual members of the Election Board.
Additionally, the plaintiff argued that since she was denied the right to candidacy, her civil right were denied therefore, the Nation was harmed because she could not given the opportunity to represent the Nation as a legislator. Advocate Littleg-eorge raised this issue for the plaintiff but he was not prepared to discuss the merits of such violation. The Court cannot respond to such an allegation without more thorough reasons substantiating such claim.
On the other hand, the harm to the Election Board outweighs the harm to the plaintiff. Should this Court stop the Special Election, it would usurp the authority of the Ho-Chunk Constitution, Art. VIII and ART. IX. Specifically ART. VIII, Sec. 4, the Election Board is given the authority to conduct all General and Special Elections. Their duty are further governed by ART IX of the Ho-Chunk Constitution, which clearly delineated a time frame for handling Special Elections. In this case, Ho-Chunk Constitution, ART. IX, See. 1.0 states:
(a) If three (3) months or more remain before the next General Election, the Election Board shall call a Special Election in the appropriate District to be held within thirty (30) days.
In Diane Lone Tree v. Elliott Garvin, et. al., CV 97-133,1 Am. Tribal Law 189,1997 WL 34671332 (HCN Tr. Ct., September 26, 1997) at 13, this Court found no exceptions under Ho-Chunk law, constitutional or otherwise. While the Court recognized that certain circumstances might justify granting a preliminary injunction, the present facts does not implicate such a *261 scenario. See, e.g., Tracy Thundercloud v. HCN Election Board, CV 95-16 (HCN Tr. Ct. August 28, 1995). Similarly in this case, all parties were apprised of the strict time frame. That is why the Court was able to convene a Hearing within a hour of the motion, being filed in the Court and both parties were present. Moreover, Plaintiff Hopinkah had received a denial by the Election Board on November 7, 1998 with Attorney Matha solidifying the Election Board’s decision in a letter to Ms. Hopinkah on November 9, 1998. Cognizant of the extremely tight time frame, the plaintiff never explained why she waited nine (9) days later to file a Complaint in the Trial Court-November 16, 1998. See, Aurelia L. Hopinkah v. Ho-Chunk Election Board, CV 98-61, 1 Am. Tribal Law 249, 1998 WL 35271393 (HCN Tr. Ct. November 20,1998).
III. Does the plaintiff have a reasonable likelihood of success on the merits?
The Court holds that there is not a likelihood that the plaintiff will succeed on the merits. Furthermore, if such a likelihood does exit, the plaintiff fail to make such a showing at the Hearing. Temporary restraining orders are extraordinary remedies. Plaintiff Hopinkah must make a strong showing that such an order is appropriate. Overall, plaintiffs must prove to the Court that the probability of their success is so likely that the Court is justified in taking action prior to discovery and a full hearing on the merits of the case.
Another independent basis for the Court’s holding on this point is that in the present case there is little chance that the plaintiff will ultimately prevail in her bid to be included on the ballot. The defendant has already heard all the evidence the plaintiff has presented in the past. The plaintiff has not presented any new evidence to this Court that she will ultimately present to the Election Board to change the Board’s decision. Without presenting anything new, there is little basis to believe the Board’s decision will be different.
IV. Would the issuance of a stay dis-serve the public interest?
The Court believes that on balance a temporary restraining order is not in the public interest. Although the Ho-Chunk Nation has an interest in maintaining access to the ballot for all, the Nation also has an interest in tilling the vacant seat in the Legislature. Tribal members who have the legal right to participate in this upcoming Special Election have an interest in filling the vacant seat in the Legislature. There are seven (7) other candidates, plus an unknown number of write-in candidates that have an interest in this upcoming Special Election. As accorded in the HCN Constitution, Art. IX, Sec. 10, the Nation also has an interest in filling any vacancies promptly. Temporary restraining orders remain available in appropriate circumstances to those denied access to the ballot. However, in the present case with the election three days away and given the plaintiff weak showing, the Nation’s interest in the prompt filling of a Legislative vacancy and the avoidance of wasting HCN resources prevails. This Court finds the plaintiff failed to prove how a temporary injunction is in the best interest of the Nation.
CONCLUSION
This Order disposes of the plaintiffs motion. The plaintiff failed to meet the four-prong test for gaining a favorable judgment of a Temporary Injunctive relief. She failed to prove her harm and was short how the harm outweighs the harm to the Election Board. Moreover, the plain *262 tiff did not show any new evidence that convinced this Court that she will prevail in her bid for candidacy. Finally, this Court finds that it is not in the public interest to stay the Special Election set for November 28, 1998. All parties have the right to appeal a final order or judgment of the Ho-Chunk Nation Trial Court. If either party is dissatisfied with the decision rendered by this Court, they may file a Notice of Appeal with the Ho-Chunk Supreme Court within thirty (80) calendar days from the date such final judgement or order is rendered.

. On November 25, 1998, the Ho-Chunk Nation Executive Branch released it’s staff at 3:00 p.m. to recognize the two upcoming holidays of Thanksgiving and Ho-Chunk Day. It is not known, if the early dismissal applied to the staff of the Legislative Branch of government, such as the Election Board staff.